UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Derell Dewitt Wiggins, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: 1:18-cv-1448-SAL |
| v. | ) | |
| Brian Wallace, Mark Richardson, Richard Neal, Brianna Murphy, Bryant Alexander, Oscar Almazan, Richard McCullough, and Brandon Rowell, | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

This matter is before the Court for review of the December 30, 2019 Report and Recommendation of United States Magistrate Judge (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment, ECF No. 104, be granted, except with respect to claims of excessive force against Defendants McCullough, Almazan, Alexander, Rowell, and Neal in their individual capacities. Defendants object to the Report, ECF No. 121, and argue that Plaintiff has failed to establish the existence of a genuine issue for trial. Plaintiff filed no objection, and the time to do so has lapsed.

**I.     Background**

Plaintiff filed this action on May 29, 2018, pursuant to 42 U.S.C. § 1983, alleging use of excessive force in violation of his constitutional rights. ECF No. 1. The operative complaint alleges that while Plaintiff was a pretrial detainee in the Marion County Detention Center, Defendants McCullough, Almazan, Alexander, Rowell, and Neal attacked him shortly after Plaintiff had a verbal altercation with Defendant Neal. ECF No. 67 at 8. Defendants moved for summary

judgment, ECF No. 104, arguing, among other things, that Plaintiff presented no evidence that Defendants applied excessive force. *Id.* at 7.

Plaintiff's response to Defendants' motion includes an affidavit that recounts one version of events. ECF No. 112-1. According to the affidavit, Plaintiff "had words" with Defendant Neal because of the way Neal was serving food. Plaintiff swears that approximately an hour later, when he was sleeping in his cell, Defendants attacked him by "kicking and punching and choking [him] for no reason." *Id.* Plaintiff claims that he was then sprayed with gas, placed in a restraint chair under a running shower, and struck from behind while handcuffed. *Id.* Plaintiff testifies that he subsequently "pass[ed] out a few times" from pain while in an isolation cell. *Id.*

This version of events is contradicted by the affidavits of Judith Barker, Brianna Murphy, Richard McCullough, Oscar Almazan, Bryant Alexander, and Richard Neal. *See* ECF Nos. 104-2 to -8. These witnesses generally attest that on the morning of the alleged incident, Plaintiff was disruptive, as well as verbally and physically combative. *E.g.*, Alexander Aff., ECF No. 104-6 ("I recall Plaintiff becoming belligerent and combative. It was determined he would be placed on lockdown. When a sufficient number of officers were gathered to safely transport him to lock-down he began resisting to the point of punching officers and spitting on one officer.").

As the Magistrate Judge noted, "the court has before it two significantly different versions of events as to what happened on March 13, 2016, precluding grant of summary judgment." ECF No. 116 at 9. Defendants object to this conclusion, and argue that Plaintiff's version of events amounts to no more than unsubstantiated, conclusory allegations that do not give rise to a genuine issue of material fact. Because the Court finds Plaintiff's affidavit sufficient for him to carry his burden at this stage, the Court adopts the Report over the objection.

## II. Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

Defendants' objection to the Report is that Plaintiff has made only conclusory allegations, and that the record does not give rise to a genuine issue for trial. Reviewing the record de novo, Plaintiff's sworn statement regarding the events that occurred on March 13, 2016 is sufficient to preclude summary judgment on the excessive force claim against Defendants McCullough, Almazan, Alexander, Rowell, and Neal in their individual capacities.

In the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The district court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Davis v. Zahradnick*, 600 F.2d 458, 459-60 (4th Cir. 1979) (holding that factual allegations

contained in a verified complaint that conflicted with affidavits supporting a motion for summary judgment established a prima facie § 1983 case, precluding summary judgment). The Court finds that Plaintiff's sworn statements, if believed by a jury, would enable that jury to conclude that Plaintiff was subjected to excessive force in violation of the Fourteenth Amendment.

To prevail on a Fourteenth Amendment excessive force claim, a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Whether force is objectively reasonable turns on facts such as

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Duff v. Potter*, No. 16-6783, 2016 WL 6518876, at *2 (4th Cir. Nov. 3, 2016) (citing *Kingsley*, 135 S. Ct. at 2473). The "court considers the evidence 'from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473).

The Court acknowledges that Plaintiff's only evidence in this case is his own sworn statement, and that his statement is contradicted by six opposing affidavits. The Court may not, however, make credibility determinations at this stage. *E.g.*, *Black & Decker Corp.*, 436 F.3d at 442; *Davis*, 600 F.2d at 459-60. If a jury were to believe the facts sworn to by Plaintiff, it may find a Fourteenth Amendment violation in this case under the factual considerations enumerated in *Duff*. Defendant does not appear to dispute this conclusion, but instead urges that Plaintiff does no more than reiterate conclusory allegations from the pleadings, without sufficient corroborating evidence. *See* ECF No. 121 at 4.

Defendants' objection to the Report focuses too keenly on what evidence Plaintiff does not have, *e.g.*, corroborative documentation of the incident or his injuries; however, the sworn statement contains enough nonconclusory factual matter which, if believed, could make out a claim in the mind of a reasonable juror. Defendants' objections, ECF No. 121, are accordingly overruled. The Court has thoroughly reviewed the remainder of the Report to which no party objected, and is satisfied that no plain error exists.

## IV. Conclusion

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard, the Court hereby adopts the Report and Recommendation, ECF No. 116, in its entirety. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 104, is GRANTED in part and DENIED in part. Summary judgment is granted for Defendants on all claims except those against Defendants McCullough, Almazan, Alexander, Rowell, and Neal, in their individual capacities, for the use of excessive force in violation of the Fourteenth Amendment.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

March 11, 2020
Florence, South Carolina